## HIRSCHBERG *v*. THE PEOPLE.

(*Supreme Court of Colorado, March 31, 1882—On habeas corpus.*)

CRIMINAL STATUTE, REPEAL OF—WITHOUT SAVING CLAUSE—EFFECT OF. By act of the General Assembly, approved March 1, 1881, section 59 of chapter XXIV of the General Laws (which defined and prescribed punishment for the crime of larceny,) was repealed, without a saving clause, and other provisions enacted in lieu thereof. There being no emergency clause, this act did not go into effect till ninety days after its passage. *Held*, that the repeal took effect at once, and consequently there was no statute in force under which the crime of larceny could be punished if committed or tried in the *interim*. "A conviction could not be had under the repealed statute, because of its repeal, and clearly not under the last act, because it was and could only be prospective in its operation."

ELBERT, C. J.   This case is submitted on the writ and the return thereto.

The petitioner, Robert L. Hirschberg, was tried and convicted of the crime of larceny at the special November term of the District Court of Arapahoe county, A. D. 1881, and sentenced to be confined in the penitentiary at hard labor for a period of eight years.

The indictment was returned by the grand jury on the 10th day of September, 1881, and charged the larceny to have been committed on the 10th day of May, A. D. 1881.

The jury found the defendant guilty, as charged in the indictment.

By an act approved March 1, 1881, (Sess. Laws, 1881, p. 69,) the Legislature repealed in express terms, without any saving clause, section 59 of chapter XXIV, General Laws, which defined the crime of larceny and prescribed the punishment therefor, and enacted another section in lieu thereof.   This last act took effect June 1, 1881, after the alleged larceny was committed, and before the presentment, trial, conviction and sentence of the petitioner.

The contention is, that the law in force at the time the larceny was committed, having been repealed without any saving clause, the subsequent presentment, trial, conviction and sentence of the petitioner, was without authority of law, and void.

This is undoubtedly the law, and however much such a result is to be regretted, it cannot be avoided without overruling a uniform course of decision by the highest Courts and ablest jurists both of England and America.

Mr. Sedgwick says:   "The effect of a repealing statute, says a very eminent Judge, I take to be to obliterate the statute repealed as completely from the records of Parliament as if it never had passed, and that it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted and concluded while it was an existing law. Upon this principle the repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it, pending the time of the repeal.   There can be no legal conviction unless the act is contrary to law at the time it is committed; nor can there be a judgment unless the law is in force at the time of the indictment and of the judgment." Sedgwick, Stat. and Con. Law, page 109, and cases cited.

Mr. Bishop says: "It follows, therefore, that no proceedings can be carried on, under a law which, being repealed, is not existing, to give authority to the Court. Consequently, if the common or statutory law which authorizes a prosecution and conviction for a specific offense, is repealed or expired before final judgment, the Court can go no further with the case. Even if a verdict has been rendered against the prisoner, sentence cannot be pronounced, and he must be discharged." Bishop's Stat. Crimes, section 177.

Mr. Dwarris says: "When an act of Parliament is repealed it must be considered (except as to transactions passed and closed,) as if it had never existed." Dwarris' Stat. and Con., 160.

It is unnecessary to multiply authorities. They are numerous and practically uniform in all cases where the statute is expressly repealed.

For a very full and able review of such cases, we refer to the opinion of Mr. Justice Denio in the case of *Hartung* v. *The People*, 22 N. Y., 95.

The fact that the Legislature substituted for the repealed section substantially a similar provision, can make no difference. If the repeal of a statute is effected by express and positive words, the only question is the effect of the repeal. (Sedg. Con. and Stat. Law, 95, and cases cited.) A few cases to the contrary were under special conditions, and remain unsanctioned by the Courts.

A conviction could not be had under the repealed statute, because of its repeal, and clearly not under the last act, because it was and could only be prospective in its operations. The former statute becomes as if it had never existed, and the new statute commences as if none had preceded it. *Coffin* v. *Rich*, 45; *Hartung* v. *The People, supra.*

The doctrine of the effect of the repeal of a penal statute, without a saving clause, is so familiar that the failure of the Legislature to insert a provision continuing the repealed law in force as to all offences committed against it, can be ascribed only to unpardonable carelessness in the discharge of public duty.

The presentment, trial, conviction and sentence of the petitioner were without any validity, and in such case the writ of *habeas corpus* lies. *Ex parte Farnum*, 3 Col.

The prisoner must be discharged.

*Jno. T. Deweese* and *T. D. W. Yonley*, for petitioner.

*C. E. Toll*, Attorney General, *contra.*