## POE *v.* THE STATE.

### (*Nashville.* January 19th, 1887.)

1. CRIMINAL LAW. *Carrying weapons. Journey feature.*

   Since the act of 1879, Ch. 186, no person can lawfully carry any of the weapons therein prohibited, while on a journey out of his county or the State. That act repeals the journey feature of the former laws on the subject of carrying arms.

   Code cited: § 5533 (M. & V.) ; § 4759*a* (T. & S.)

2. STATUTES. *Construction and repeal.*

   A statute inconsistent with, and embracing the entire subject-matter of, a former statute repeals it, either with or without a repealing clause.

   (See Druggist Cases, *ante,* p. 449.)

3. CONSTITUTIONAL LAW. *Repeal by implication.*

   A statute, which operates to repeal a former statute, by implication merely, does not fall within Art. 2, Sec. 17, of the Constitution, which requires that "all acts, which repeal, revive, or amend former laws, shall recite, in their caption or otherwise, the title or substance of the law repealed, revived, or amended."

   Case cited and approved: Insurance Co. *v.* Taxing District, 4 Lea, 644.

---

### FROM WARREN.

Appeal in error from Circuit Court of Warren County. May Term, 1886. J. J. WILLIAMS, J.

CARMACK & WOODARD for Poe.

Attorney-General PICKLE for State.

FOLKES, J. At the May term, 1886, of the Circuit Court of Warren County, the plaintiff in error was indicted, tried, and convicted for carrying a pistol. After a motion for a new trial and in arrest of judgment, he has appealed in error to this Court.

In his charge to the jury the Judge said:

"It is insisted by the defendant that if he did have a pistol at the time and manner charged, he would not be guilty, because at the time he was on a journey out of his county or State. The Court instructs you that the Act of 1879 (just read to the jury) does not exempt persons on a journey from its provisions, and consequently that defense cannot avail the defendant, if the facts have been so proven."

This is now complained of as an error. There was proof tending to show that the prisoner was on a journey. It is, therefore, insisted that he is exempt from punishment under the Act of 1870, second session, Chapter 13, Section 3, carried into the T. & S. Code, § 4759*d*. This section is as follows:

"The provisions of the first section of this act shall not apply to an officer or policeman while *bona fide* engaged in his official duties, in the execution of process, or while searching for, or engaged in the arrest of, criminals; nor to any person who is *bona fide* aiding the officers of the law or others in the legal arrest of criminals, or in turning them over to the proper authorities after

arrest; nor to any person who is (*not*) on a jour-
ney out of their county or State."

The word "not," which occurs in the original act,
is manifestly a clerical error or a misprint. It is
urged that there has been no repeal of this statute.

It may not be uninstructive to review briefly the
history of modern legislation on this subject in
this State.

In December, 1869, an act was passed prohibiting
the carrying about the person, "concealed or oth-
wise," any pistol, dirk, etc., at any election, fair,
race-course, or other public assembly of the peo-
ple. See Acts 1869–70.

There was no *exception* in this act.

At the same session, on the 6th of January,
1870, it was declared a misdemeanor for "any per-
son, whether publicly or privately, to carry a dirk,
sword-cane, Spanish stiletto, *belt* or *pocket* pistol,
etc., except a knife conspicuously on the strap of
a shot-pouch, or on a journey out of his county
or State.

On the 11th June, 1870, the pistol law was re-
enacted in a severer form, under the title of "An
Act to preserve the peace and prevent homicide."
This act prohibits "any person to publicly or pri-
vately carry dirk,  *  *  *  belt or pocket
pistol, or revolver." The punishment is fixed by a
fine from ten to fifty dollars and imprisonment from
thirty days to six months.

It will be noticed that the prohibition of the
first section is *absolute.*

32

Section two of this act prescribes the duty of the courts and officers in relation to the enforcement thereof.

Section three is as quoted at length in the early part of this opinion.

On the 14th of December, 1871, under the same title, the entire pistol law was again re-enacted, applying to same weapons as before, except that an army pistol, or such as are commonly carried and used in the United States Army, to be carried openly in the hand, is excluded from the operation of the statute.

Section two relates to duty of peace officers and grand jurors.

Section three enacts that "the provisions of the first section shall not apply to any officer or policeman in the actual discharge of his official duties, nor to any person who is on a journey out of his county or State."

None of these acts contain a repealing clause.

Thus the law stood as to carrying weapons until 1879, when Chapter 96 was enacted, "To prevent the sale of pistols in the State."

At the same session we find Chapter 186, page 231, Acts 1879, passed, entitled "An Act to amend the criminal laws of the State upon the subject of carrying concealed weapons, and to amend § 4759 of the Code."

Section one expressly amends the Act of 1871, Chapter 90. It adds several weapons to the list, such as razor, slung-shot, brass-knucks, etc. It

fixes the fine imperatively at fifty dollars, and imprisonment in the county jail, the imprisonment only at the discretion of the Court.

Section two provides that offenses theretofore committed shall be punished under laws then in force, nothing in this act to be so construed as to operate as a pardon for such offenses.

Section three excepts from the operations of this act persons employed in the army, navy, or marine service of the United States; officers and policemen while *bona fide* engaged in their official duties, and persons summoned by such officers to assist them.

Section four provides "that all laws and parts of laws that come in conflict with the provisions of this act be, and the same are hereby, repealed."

It will thus be noticed that the journey feature is omitted from the Act of 1879, while the other exceptions—which had been side by side with this— are expressly provided for. Nothing can be clearer than the legislative intention to repeal the clause in question. Experience had demonstrated that the journey feature was invoked as a convenient subterfuge for evading the enforcement of the law.

The exception as to persons on journeys in the former acts operated expressly and exclusively upon the provisions of those acts, and cannot remain to modify the first section of the Act of 1879. This latter act is much broader than the former acts, and repeals same, not only by necessary implication, but in express terms, so far as it is inconsistent with them. Such would be the effect of

the Act of 1879, independent of the repealing clause, it falling clearly within the familiar rule that where two statutes embrace the same subject-matter, and the latter is inconsistent with the former, the former is thereby repealed.

It is argued that the act by its title shows a purpose to "amend," and not to "repeal," and that if it undertakes to repeal, it is still obnoxious to Section 17 of Article 2 of the Constitution, where it provides: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title;" and "all acts which repeal, revive, or amend former laws shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended."

The position is untenable. The title of the act shows intent to legislate on the *entire subject of concealed weapons*; not a purpose to amend or repeal a particular provision only.

Speaking of this provision of the Constitution this Court has said a construction might be adopted of such latitudinous character as virtually to neutralize the beneficial effects intended to be secured. While, on the other hand, a too rigid and strict construction would in many instances unnecessarily embarrass useful legislation.

While adhering to the Constitution always, legislative acts should not be subjected to a hypercritical test.

Judge Cooley, in his work, says:

"There has been a general disposition to construe these provisions liberally rather than embarrass leg-

Poe *v.* The State.

islation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it is adopted."

But to conclude this opinion, already too long, it is sufficient to say that the clause of the Constitution referred to, and the evil intended to be guarded against, have no reference to acts merely inconsistent with former laws, and operating as an implied repeal thereof for the time being, but alone to acts which purport, without more, to repeal former acts. *Home Insurance Company* v. *Taxing District*, 4 Lea, 644, and cases there cited.

Judge Cooley says:

"It has been uniformly held that statutes which amend others by implication are not within these constitutional provisions, and that it is not necessary that they even refer to the acts or sections which, by implication, they amend"—citing cases from several States to sustain the text.

We have practically held at the present term, in the case of *Foust* v. *The State*, that the act of 1879, now under consideration, has repealed by implication the acts giving Justices of the Peace jurisdiction over concealed weapon cases under the "small offense" laws.

It results, therefore, that there is no error in the charge.

Let the judgment be affirmed, with costs.