HOBART STINNETT *et al. v.* THE STATE.

(*Knoxville.*  September Term, 1919.)

1. **STATUTES.** Recital in title not conclusive that act is amendatory.
 The recital in  title of act that it is amendatory is not conclusive on
   the court, which will examine the body of the act and ascertain
   therefrom its true character.  (*Post, pp.* 96-98.)

Acts cited and construed:  Acts 1871, ch. 39.

Cases cited and approved:  Shelton v. State, 96 Tenn., 521;  Turner
   v. State, 111 Tenn., 593;  Mayor and Aldermen v. Lewis, 80 Tenn.,
   180;  Poe v. State, 85 Tenn., 495;  McCamey v. Cummings, 130
   Tenn., 494.

Case cited and distinguished:  Malone v. Williams, 118 Tenn., 390.

Constitution cited and construed:  Sec. 17, art. 2.

2. **STATUTES.** Not invalid for omitting title or substance of act re-
   ferred to but not in fact amended.
Acts 1871, ch. 39, entitled "An act to amend the criminal laws of the
   State of Tennessee, and to make the breaking and entering into
   the business house, outhouse, or any other house of another, other
   than a mansion house, with intent to commit a felony, a felony,"
   is not violative of Const. art. 2, sec. 17, requiring amending acts
   to recite the title or substance of the acts amended, since this
   act is not amendatory, but creates a new offense, and words in
   the title indicating otherwise may be disregarded as surplusage.
   (*Post, pp.* 96-98.)

---

FROM BLOUNT.

---

Appeal from the Circuit Court of Blount County.---
HON S. C. BROWN, Judge.

McTeer, Kramer & Wright, for appellant.

Wm H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiffs in error were convicted under an indictment which charged that they had feloniously broken into and entered a storehouse with intent to commit larceny. They were sentenced to the penitentiary for a period of not less than 3 nor more than 15 years for this offense, and have appealed in error to this court.

The only question presented here is upon the validity of chapter 39 of the Acts of 1871, upon which this indictment and conviction were based. The act in so far as material is as follows:

"An act to amend the criminal laws of the State of Tennessee, and to make the breaking and entering into the business house, outhouse, or any other house of another, other than a mansion house, with intent to commit a felony, a felony.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that whoever shall break and enter into the business house, outhouse, or any other house of another, other than a mansion house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three nor more than fifteen years."

It is insisted in behalf of plaintiffs in error that this act violates that part of section 17 of article 2 of the

Constitution, providing that: "All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

It is said that this statute is expressly amendatory, but that it omits to refer either in its caption or body to the title or substance of the law intended to be amended, and is therefore void under *Shelton* v. *State,* 96 Tenn., 521, 32 S. W., 967, and other cases.

If it be conceded that the act before us is expressly amendatory, the conclusion just stated necessarily follows. It is well settled, however, that the opinion of the legislature, expressed in the title, as to whether an act is amendatory is not conclusive upon the court, but that the court will examine the body of the act and ascertain therefrom its true character. *Malone* v. *Williams,* 118 Tenn., 390, 103 S. W., 798, 121 Am. St. Rep., 1002; *Turner* v. *State,* 111 Tenn., 593, 69 S. W., 774.

"The body of the act always shows the real thing done, the thing actually intended. It gives character to the act. By it we are to determine the designation or class under which the act falls; and this, as above stated, is a matter for judicial construction and determination." *Malone* v. *Williams,* supra.

An examination of the body of chapter 39 of the Act of 1871 leads us to believe that the statute creates a new offense rather than modifies the law respecting an old offense. The essentials of the offense of burglary are not changed, nor is the punishment for that offense changed. This act makes it a crime to break into the business house, outhouse, or any other house of another,

other than a mansion house, with intent to commit a felony, and there is visited upon the new offense a punishment similar to that inflicted for burglary. Burglary remains burglary, and is punished as before. This act brings something new into law. The new crime is indeed more similar to what was formerly a trespass or forcible entry than it is to burglary, for the entry of a mansion house is the essential of burglary.

Entertaining this view of the statute, we think the case before us falls within *Turner* v. *State,* supra. The caption of the act under consideration in *Turner* v. *State,* indicated the purpose thereof, and contained the additional language, "and to repeal all laws in conflict with this act." The body of the act contained no repealing provision, but provided a new method of selecting jurors in Shelby and Davidson counties. The court said that the words quoted, without more, did not give character to the act, but were to be regarded as merely surplusage, and the act was therefore declared not to be within the provision of section 17 of article 2 of the Constitution, providing that all expressly repealing laws should recite title or substance of the law repealed. In *Turner* v. *State,* the court distinguished *Shelton* v. *State,* saying that the act under consideration in the latter case was wholly amendatory, expressing such a purpose both in the caption and in the body. The same distinction may be taken between the case before us and *Shelton* v. *State,* and we may disregard the language, "to amend the criminal laws of the State of Tennessee," contained in chapter 39 of the Act of

7—142 Tenn.

1871. The remainder of the title sufficiently indicates its purpose.

These observations are further sustained by *Mayor and Alderman* v. *Lewis*, 12 Lea, 180, *Poe* v. *State*, 85 Tenn., 495, 3 S. W., 658, *McCamey* v. *Cummings*, 130 Tenn., 494, 172 S. W., 311, and other cases.

We are of opinion that the trial court properly overruled the motion in arrest, raising this constitutional question, and the judgment below is affirmed.