DONALD VERNER STINSON, Plaintiff in Error,

*v.*

STATE, Defendant in Error.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

Ed. R. Davies, Nashville, Olen C. Batchelor, Jr., Memphis, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

On February 16, 1960, plaintiff in error Donald Verner Stinson, hereinafter referred to as defendant, was convicted under indictment No. A-84607 charging robbery and being an habitual criminal and was sentenced to life imprisonment. This appeal results from that trial and conviction and the gist of the appeal is that said conviction was void and that he can not be again tried for the alleged offense.

Chronologically the steps leading up to the present problem are as follows: February 18, 1954, indictment No. A-67587 was returned in Shelby County charging defendant and another with robbery which was alleged to have occurred on the 13th day of February, 1954, in said County. Included therein was a second count charging this defendant and the co-defendant, not necessary to be further mentioned herein, with being habitual criminals.

April 6, 1954, following a trial under said indictment, the jury returned a verdict as follows: ''We the jury find the defendant Mac Burton Montgomery, guilty of robbery and fix his punishment at not more than 15 years in the State Penitentiary. We the jury find the defendant, Donald Verner Stinson, is an habitual criminal and guilty as charged in the indictment.''

May 7, 1954, following the overruling of Stinson's motion for a new trial, sentence was passed as follows:

"* * * that he is guilty of being an habitual criminal and that he * * * be confined at hard labor for life; * * *".

July 15, 1959, while a prisoner in the State Penitentiary defendant filed a petition for a writ of habeas corpus in the Criminal Court of Davidson County, Tennessee. In this petition defendant contended that the above sentence had been solely for being an habitual criminal which is not a substantive criminal offense (but only a status) and that he was thus suffering involuntary servitude for something not constituting a crime and, therefore, in violation of Amendment 13 to the Federal Constitution and art. I, Sec. 33 of the Tennessee Constitution. As a result of the hearing before Hon. Homer B. Weimar his conviction was held on August 4, 1959, to be void and he was ordered returned to the custody of the District Attorney General of Shelby County for disposition.

It will be noted that there was no appeal taken by the State from this judgment of Judge Weimar in the habeas corpus matter.

Following two unsuccessful petitions for a writ of habeas corpus in Shelby County, one on October 14, 1959, before Judge Perry Sellers, and the other on December 15, 1959, before Judge W. Preston Battle, defendant was remanded to the custody of the Sheriff of said County for trial under the indictment A-67587, supra.

January 15, 1960, defendant was re-indicted or again indicted under No. 84607 by the grand jury of Shelby County for the same offenses alleged in said prior indictment, supra.

February 12, 1960, on motion of the District Attorney General indictment A-67587, supra, was quashed by

Judge Sellers. On the same date, defendant's motion to quash the second indictment No. 84607 was denied.

February 15, 1960, Stinson's plea of double jeopardy was overruled. On the same date and on February 16 Stinson was tried under indictment No. 84607, found guilty of robbery and of being an habitual criminal and sentenced to life imprisonment. His motion for a new trial having been overruled, the within appeal resulted.

The first assignment of error is that the Criminal Court of Shelby County committed error by refusing to grant defendant's motion to quash indictment No. 84607, which is the one on which the second trial was had.

■ Under this assignment defendant's brief advances three propositions of law. The first is that where a subsequent penal statute changes a punishment, the former mode is thereby repealed. Counsel then quotes Section 10803 of Williams' 1932 Code which fixed the punishment for the crime of robbery at not less than 5 nor more than 15 years in the penitentiary. Counsel has apparently overlooked the amendment, Ch. 66, Sec. 1, Public Acts of 1953, in which this section was amended to change the penalty to not less than 5 nor more than 25 years; however, this oversight does not affect the result in any way. That was the penalty prescribed and in existence at the time the alleged crime was committed in 1954. Anyway, subsequently by Ch. 72, Public Acts of 1955, said above Code Section 10803 was again amended to fix the punishment for robbery at "not less than 5 nor more than 15 years; provided, that if the robbery is accomplished by the use of a deadly weapon, the punishment shall be death by electrocution, or the jury may commute

the punishment to imprisonment for life or for any period of time not less than 10 years." T.C.A. sec. 39-3901.

Defendant's brief cites ample authority to support this proposition and we need refer only to a few cases. In *Haley v. State,* 156 Tenn. 85, 299 S.W. 799, 800, among other things, the Court quoted from 25 R.C.L., 930, as follows:

"In discussing criminal statutes it is said: 'Thus where a later statute defines an offense that is described in an earlier statute, the earlier statute is repealed; and the same result follows where the new statute changes the penalty, as where punishment by fine of imprisonment is changed to fine and imprisonment.'"

The principle is further illustrated by a line of cases where there are two statutes prescribing different degrees of punishment as in *State v. Lewis,* 198 Tenn. 91, 278 S.W.2d 81.

A repeal by implication occurs even though the subsequent act be an amendment rather than a separate and distinct act on the same subject matter. *Cole Manufacturing Co. v. Falls,* 92 Tenn. 607, 22 S.W. 856; and *Poe v. State,* 85 Tenn. 495, 3 S.W. 658.

See. also, 1 Sutherland Statutory Construction, Sec. 1932.

■ The second proposition of law under this assignment is that the repeal of a penal statute operates as a pardon of all offenses committed before the repeal and prohibits prosecution, unless the right to prosecute is saved by a provision in the repealing act or by separate legislation.

This rule is supported by ample authority as follows: *Yeaton v. United States,* 1809, 5 Cranch 281, 9 U.S. 281; *Roberts v. State,* 1815, 2 Tenn. 423; *Wharton v. State,* 1867, 45 Tenn. 1; also numerous cases from other jurisdictions.

Counsel for the State concedes the correctness of the two above propositions of law but relies upon T.C.A. sec. 1-301 which provides:

"The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

This same language appears as Sec. 12 of Williams' 1932 Code, Sec. 61 of Shannon's Compilation and Sec. 49 of the Code of 1858.

Of course, so long as the original indictment A-67587 was pending, it was a proceeding commenced within the meaning of the above section; and it was, therefore, proper for Judge Weimar to remand the defendant to the District Attorney General of Shelby County for further proceedings. It seems rather obvious, however, that when that original indictment was quashed, there was no longer any proceedings commenced or pending as of a date prior to the change in the statute with regard to punishment; and no penalty had been incurred because Judge Weimar had declared the conviction void with no appeal therefrom; nor is there anything in the amending act to save the right to prosecute under the former law. Therefore, the attempted indictment of the defendant in January, 1960, under indictment 84607 under the former existing law was void because the right to

prosecute under the former law was not saved by Sec. 12 of the Williams' Tennessee Code of 1932 nor by any statutory provision in the amending act.

■ Therefore, it follows that the defendant's third proposition of law is applicable, if this second indictment be treated as an attempt to indict, try, convict and punish defendant under the law as amended, because it would be *ex post facto* as to him.

■ The State urges that the defendant was not prosecuted under an indictment charging the greater offense under the law as it stood in 1960 and, therefore, was not *ex post facto* as to him. However in *Lindsey v. State of Washington*, 1937, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182, it was held in effect that the prohibition against *ex post facto* laws looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed. An increase in the possible penalty is *ex post facto* regardless of the length of the sentence actually imposed on a particular defendant, since the measure of punishment prescribed by the later statute is more severe than that of the earlier.

Obviously, a statute that increases the penalty for robbery from a maximum of 25 years, as it existed under the amendment of 1953, supra, to a maximum of death by electrocution, should the robbery be accomplished by the use of a deadly weapon, is a statute which inflicts a greater punishment than was capable of being imposed before the 1955 amendment and hence the latter amendment is *ex post facto* as to this defendant.

Ample authority will be found on the question of *ex post facto* laws under the above circumstances in numerous cases including the following: *Lindzey v. State*, 1888,

65 Miss. 542, 5 So. 99; *People v. Lowell,* 1930, 250 Mich. 349, 230 N.W. 202; *State v. Ingersoll,* 1864, 17 Wis. 631; *Hirschburg v. People,* 1881, 6 Colo. 145.

Now to backtrack somewhat, the State insists that the judgment of conviction in 1954 under the first indictment was not void and that Judge Weimar's action in so holding was itself void, because a writ of habeas corpus cannot be used to serve the purpose of a writ of error or an appeal in the nature of a writ of error, citing *Lynch et al. v. State ex rel. Killebrew,* 179 Tenn. 339, 166 S.W.2d 397, and *State ex rel. Grandstaff v. Gore,* 182 Tenn. 94, 184 S.W.2d 366, that there was no appeal from that judgment and that whatever error there appears on the face of the record may be corrected at any time under T.C.A. sec. 20-1513.

■■ The answer to that insistence is that when a court has jurisdiction of the person and of the subject matter its judgments are binding, even though erroneous, until reversed by appeal or writ of error; the Criminal Court of Davidson County had jurisdiction of the writ of habeas corpus petition filed by the defendant. T.C.A. sec. 23-1803, which provides:

"The writ may be granted by any judge of the circuit or criminal courts * * *".

In *Aladdin Industries, Inc. v. Associated Transport, Inc.,* 1958, 45 Tenn.App. 329, 323 S.W.2d 222, 229, it is said:

"The test of the jurisdiction of a court is whether or not it had the power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong."

In *Carver v. Anthony,* 35 Tenn.App. 306, 245 S.W.2d 422, 424, it is said:

"Jurisdiction carries with it power to determine every issue or question properly arising in the case."

In 1 Freeman on Judgments, 5th Ed., Sec. 357, the general rule is stated and we quote only this deduction from the rule:

"Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law."

For the same rule see *Reinhardt v. Nealis,* 101 Tenn. 169, 46 S.W. 446; *Greenlaw v. Kernahan,* 1857, 36 Tenn. 371.

A recent expression of this Court is found in *Bomar v. State ex rel. Stewart,* 201 Tenn. 480, 488, 300 S.W.2d 885, to the same effect.

When the State failed to appeal from the judgment of the Criminal Court of Davidson County, the same became final. There lies the difference between that case and the Lynch and Grandstaff cases, supra, in both of which there was an appeal. Also, the State acquiesced further by quashing the first indictment.

Finally, the original judgment of conviction cannot stand for two reasons: (1) because it has been declared void by a court of competent jurisdiction with no appeal therefrom; and a void judgment cannot be corrected; (2) even if said judgment had not been held void and that adjudication become final, no such judgment remains because the indictment which was the foundation for said prosecution and eventual judgment has been quashed.

The defendant's second assignment of error need not be considered, therefore, because the disposition heretofore made of the first assignment disposes of the case. The second assignment complains of the failure of the Criminal Court of Shelby County to sustain defendant's plea of former jeopardy.

The judgment herein appealed from is accordingly reversed and the defendant is ordered released from custody.

All concur.