STATE OF TENNESSEE *v.* JACKIE LEWIS *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed April 7, 1955.

KNOX BIGHAM, Assistant Attorney General, and HOYT BRYSON, of Woodbury, for the State.

**92**

CUMMINGS & MELTON, of Woodbury, for defendant.

. MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is an appeal by the State from a judgment sustaining a motion to quash an indictment.

By the first count of the indictment Jack Lewis and others are indicted under Code Section 10841, in that having no color of title either tax, equitable, or otherwise, they did unlawfully, wilfully and without permission of the owner thereof, enter upon the lands of the said owner, John T. Evans, and cut down and remove therefrom, trees, timber, wood and logs growing and standing and lying and being thereon.

In the second count the receiver of said timber, Lawton Lewis, was indicted for unlawfully and wilfully receiving into his possession and purchasing the said trees, timber, etc., mentioned in the first count, knowing the same to have been so cut or removed without the permission of the true owner with intent to profit himself thereby.

The first ground of the motion to quash is that there is no offense charged in the indictment because Code Section 10841 is alleged to have been impliedly repealed by Chapter 216 of the Public Acts of 1937, which Acts are incorporated into the 1950 Code Supplement as Sections 10841.1-10841.4.

The 1937 Act makes it unlawful for any person to cut, haul, remove or sell timber without a written certificate from the owner, giving the name and address of the seller and the date such timber was sold, and designating the land and location from which the timber was cut, and Section 2 thereof requires anyone purchasing such timber to make diligent inquiry, and to obtain from the seller the certificate signed by the original owner of the timber and said certificate must be preserved for a period of two years and made available for inspection to any person concerned.

It is obvious from an inspection of the 1937 Act, Sections 3 and 4, that there was no legislative intent to repeal expressly Code Section 10841, but to the contrary, the apparent intention was to incorporate the 1937 Act into the old Code Section. If, however, there is an irreconcilable conflict between the two, then of course, as insisted by the defendants, there would be a repeal of the Code Section by implication.

The State very plausibly urges that there is no irreconcible conflict between the two; it is said that Code Section 10841, that is Chapter 397 of the Acts of 1907, as amended, prohibits the cutting and removing of timber without permission of the owner, while it is alleged that the 1937 Act prohibits the cutting and removing of timber *without written evidence* of the owner's permission and that the later Act is primarily designed to provide a system for tracing timber and keeping records of its origin.

The question involved is full of difficulty but after careful study, it seems to us that the old Code Section and the 1937 Act are in irreconcilable conflict. The old Code Section made it a misdemeanor for anyone having no color of title to wilfully and without permission of the owner, enter upon his land, cut down, destroy or remove timber. Under this language oral permission was sufficient and one charged with violation of the statute could simply testify in defense that he had oral permission of the owner.

As timber became scarcer and more valuable through the years following 1907, the date of the original Act, the Legislature attempted to strengthen the law in 1925 by Chapter 147, Sections 1 and 2 of the Public Acts of 1925. No doubt the 1937 Act requiring a written certificate was found to be desirable in order effectively to combat the trespass and theft of timber. This 1937 Act is awkwardly worded but a fair construction of it seems to be that it makes it unlawful for anyone to cut, haul, remove or sell timber from the land of the owner without what in effect is really a written bill of sale and the violation of this requirement is made a *felony* punishable by confinement in the penitentiary for not less than one nor more than three years.

It then, by the second Section, provides that anyone purchasing this timber must obtain this original bill of sale and preserve it for two years available for inspection to anyone concerned. Violation of this second Section is made a misdemeanor and punishable as provided in the old Code Section 10841.

▮ Thus you have a situation where one who goes on the land of another and removes timber without any permission at all would be violating the old Code Section

10841, which is made a misdemeanor, and at the same time would be violating the Act of 1937, which is made a felony. The result of that situation would be to have the same Act under one statute punishable as a misdemeanor, but punishable under the other statute as a felony. That cannot be. *Haley* v. *State,* 156 Tenn. 85, 90, 299 S. W. 799.

Both of these statutes were enacted for the same purpose, which is to discourage and prevent trespass on property and theft of timber from the true owner, and we think the conflict is irreconcilable, making it necessary to hold that the old Code Section is repealed by implication to the extent that the conflict exists between it and the 1937 Act and, therefore, to hold that neither count of the indictment in this case stated an offense either at common law or under the statute.

The judgment of the lower Court is affirmed.