STATE of Tennessee, Appellee,

v.

David H. HICKS, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

June 16, 1992.

Permission to Appeal Denied Dec. 7, 1992.

Thomas T. Woodall, Dickson, Kevin Shepherd, Asst. Public Defender, Maryville, (At Trial Only), for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, Michael L. Flynn, Dist. Atty. Gen., Philip H. Morton, Asst. Dist. Atty. Gen., Maryville, for appellee.

## OPINION

SUMMERS, Judge.

David H. Hicks, appellant, pled guilty in the Blount County Circuit Court to the offenses of possession of a controlled substance; DUI; violation of the registration law; and driving on a revoked license, second offense. All of the sentences were ordered to be served concurrently. On appeal, the appellant only challenges his sentence for driving on a revoked license.

In ruling on the sentence for driving on a revoked license, the trial court sentenced the appellant to serve six (6) months in the county jail with all but the first forty-five (45) days suspended. Appellant was also ordered to pay a fine of $500.00. The trial judge stated on the record that the basis for his ordering the forty-five (45) days

confinement was because that was the minimum sentence under the applicable statute.

The issue presented is whether the trial court erred by interpreting T.C.A. § 55–50–504 to require a mandatory minimum jail sentence of forty-five (45) days, and that the forty-five (45) days must be served prior to eligibility for probation or suspended sentence, for a second conviction of driving on a revoked license. We hold that the trial court did err in this regard, but we affirm the judgment nonetheless.

The attorneys for the appellant and the state have submitted excellent briefs. We understand there is some confusion regarding this issue, and several courts in our state have ruled differently. We hope to clarify this issue.

Before the implementation of the Tennessee Criminal Sentencing Reform Act of 1989, T.C.A. § 55–50–504(a)(2) provided as follows:

> (2) For conviction on the second offense there shall be imposed a fine of not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) and the person or persons shall be confined in the county jail or workhouse for not less than forty-five (45) days nor more than eleven (11) months and twenty-nine (29) days.
>
> \* \* \* \* \* \*
>
> (f) No person charged with violating the provisions of this section shall be eligible for suspension of prosecution and dismissal of charges pursuant to the provisions of §§ 40–15–102—40–15–106 or for any other pretrial diversion program, nor shall any person convicted under this section be eligible for suspension of sentence or probation pursuant to § 40–21–101, or any other provision of law authorizing suspension of sentence or probation, until such time as he has fully served day for day at least the minimum sentence provided by law.

The Criminal Sentencing Reform Act of 1989 changed the penalty for the offense of driving on a revoked license to a Class B misdemeanor. See Chapter 591, Section 112, Public Acts of 1989. Before November 1, 1989, the implementation date of the Reform Act, driving on a revoked license, second offense, carried a possible punishment of up to eleven (11) months and twenty-nine (29) days in the county jail. T.C.A. § 55–50–504(a)(2). For persons sentenced after that date, the punishment for a Class B misdemeanor was not greater than six (6) months or a fine not to exceed five hundred dollars ($500), or both. T.C.A. § 40–35–111(e)(2).

Appellant's position is that the Tennessee Criminal Sentencing Reform Act repealed by implication the previously existing sentence for driving on a revoked license, including the mandatory minimum sentence to be served before a defendant is eligible for suspension of his sentence. Appellant submits that an irreconcilable conflict exists in the sentencing provision of T.C.A. § 55–50–504 prior to November 1, 1989, and the present sentencing provision. Appellant has made a clear and cogent argument. We agree with his analysis.

The state agrees that the offense in question is now a Class B misdemeanor. The state concedes that the length of the maximum sentence for a second violation was reduced from eleven (11) months and twenty-nine (29) days to the maximum sentence for a Class B misdemeanor, six (6) months. The state disagrees, however, as to whether the Sentencing Reform Act amends the statutory minimum sentence.

 If a later statute defines a crime that is defined or described in an earlier statute, the earlier statute is repealed. Likewise, the same result follows when a later statute changes a penalty. In *Stinson v. State*, 208 Tenn. 159, 344 S.W.2d 369, 371 (Tenn.1961), the Tennessee Supreme Court stated that "where a subsequent penal statute changes a punishment, the former mode [of punishment] is thereby repealed." As well, if there is an irreconcilable conflict between two statutory provisions, there is a repeal of the older code section by implication. *State v. Lewis*, 198 Tenn. 91, 278 S.W.2d 81 (Tenn.1955).

 We find it interesting that our General Assembly addressed this very issue in

the driving under the influence statute but remained mute when it came to T.C.A. § 55–50–504. Before the implementation of the Sentencing Reform Act, the DUI statute also provided for a mandatory minimum punishment without the possibility of probation until the offender had served, day for day, the mandatory minimum sentence. T.C.A. § 55–10–403. However, the General Assembly at T.C.A. § 55–10–403(m) (Supp.1991) provided as follows:

A violation of this part is a Class. A misdemeanor. Nothing in Acts 1989, ch. 591, the Sentencing Reform Act of 1989, shall be construed as altering, amending or decreasing the penalties established in this section for the offense of driving under the influence of an intoxicant.

The appellant submits that if the General Assembly had intended to exempt the punishment provisions for the offenses covered under the driving on a revoked license statute, they would have said so as they did in the DUI statute. We feel that the legislature did in fact consider the mandatory minimum provisions in the DUI statute and retained them in the 1989 Act. Had it wanted to retain the similar provisions in the driving on a revoked license statute, it would have done so.* It chose not to; and, therefore, these provisions have been repealed by implication.

■ The result is that this appellant was not subject to a minimum sentence of forty-five (45) days. Rather, he was subject, as a Class B misdemeanant, to a sentence of not greater than six (6) months or a fine not to exceed $500.00, or both. The record before us contains the evidence submitted at the sentencing hearing, the presentence report, and the information submitted to the trial judge when he determined the appropriate sentence. Rather than sending the case back to the trial court for a new sentencing hearing, this Court exercises its jurisdiction pursuant to T.C.A. § 40–35–401(d) in determining the proper sentence which this appellant should receive for this offense.

■ At the time of his sentencing, appellant was thirty-two (32) years of age, married, and had a sketchy employment record. His prior record beginning in 1977 includes at a minimum the following convictions: possession of marijuana in October 1977; DUI in March 1978; no driver's license in March 1978; public drunkenness in July 1980; reckless driving and driving on a revoked license in December 1980; public drunkenness in April 1984; DUI in September 1986; driving on a revoked license in September 1986; public drunkenness in July 1986; and the four (4) charges which appellant recently pled guilty to in the Blount County Circuit Court.

Appellant's prior record is horrendous. He obviously has a substance abuse problem, and the record indicates that he is in the denial mode. In reading his comments and the transcript of his testimony at the sentencing hearing, he does not present a very favorable impression so far as rehabilitation is concerned. This man needs to assess where he has been and where he is going so far as his substance abuse is concerned. The problem has dominated his life and will continue to do so until he wants to help himself.

We will not belabor the obvious. Appellant was not only treated fairly by the trial court below; but in our view, he was treated very leniently. When reviewing sentences, our Court conducts a *de novo* review on the record of the issues presented; and this review shall be conducted with a presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–401(d). This Court finds that the evidence does not preponderate against the determinations made by the trial court. The sentence of forty-five (45) days and a $500.00 fine for the offense of driving on a revoked license, second offense, was fair and within the guidelines of the Tennessee Criminal Sentencing Reform Act of 1989.

---

* The Court is aware that effective April 14, 1992, the statute, T.C.A. § 55–50–504, was amended to provide for a statutory minimum sentence under certain circumstances. See 1992 Tenn.Pub. Ch. 722. Because the offense, conviction, and sentencing all took place prior to this amendment, the disposition of the instant case is not altered by this act of our General Assembly.

Although the trial court erred on the issue of minimum sentencing, the court was correct in the ultimate disposition of the case. Hence, the judgment of the court below is affirmed in all respects.

DWYER and SCOTT, JJ., concur.