IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY SESSION, 1995

FILED

September 13, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
)
Appellee, ) No. 02C01-9410-CR-00217
)
) Shelby County
v. )
) Hon. Joseph B. McCartie, Judge
)
MICHAEL RICHMOND, ) (Sentencing)
)
Appellant. )

## CONCURRING OPINION

I concur with the results reached in the majority opinion, but I question the need for the analysis it makes. Unquestionably, a community corrections sentence does not necessarily involve either probation or a suspended sentence. However, although not raised by the parties, the real issue in this case is one that this court recently resolved, relative to whether or not the Criminal Sentencing Reform Act of 1989 supersedes the sentencing provisions of T.C.A. § 55-10-616(c) so as to allow a trial court to suspend all or part of a motor vehicle offender's sentence. In State v. Ricky Fife, No. 03C01-9401-CR-00036, Blount Co. (Tenn. Crim. App. June 15, 1995), this court held that the Reform Act supersedes the former provision and that all or part of a motor vehicle offender's felony sentence could be suspended pursuant to T.C.A. § 40-35-303(a). It relied upon the reasoning in State v. Hicks, 848 S.W.2d 69 (Tenn. Crim. App. 1992), in which this court reached a similar result relative to the offense of driving on a revoked license. I agree with this court's position in Fife. Thus, both probation and community correction sentences are available for the trial court's consideration in this case.

_____
Joseph M. Tipton, Judge