IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2003 Session

**STATE OF TENNESSEE v. STANLEY RAY DAVIS**
**IN RE: RAY D. DRIVER d/b/a DRIVER BAIL BONDS**

**Appeal from the Criminal Court for Campbell County**
**No. 11461      E. Shayne Sexton, Judge**

---

**No. E2003-00765-CCA-R3-CD**
**May 11, 2004**

---

Ray D. Driver appeals the Campbell County Criminal Court's judgment requiring his bail bonding company, Driver Bail Bonds, to pay $570.50 as a bond forfeiture because Stanley Ray Davis failed to appear at a general sessions court probation hearing. The appellant contends that T.C.A. § 40-11-138(b) relieved his company from liability under the bond because the defendant already had pled guilty and been sentenced. He also claims that his company is not liable for the defendant's fine and costs because his company did not assume such obligations in the defendant's bond. We hold that appellant remained obligated under the bond and that the trial court did not require him to pay the defendant's fine and costs. The trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. GARY R. WADE, P.J., filed a dissenting opinion.

Joel H. Moseley, Sr., Nashville, Tennessee, for the appellant, Ray D. Driver d/b/a Driver Bail Bonds.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's being arrested for driving under the influence (DUI) and driving on a suspended license on December 2, 2001. Driver Bail Bonds underwrote a $1,750 appearance bond for the defendant. According to the bond, the defendant was to appear in the Campbell County General Sessions Court on December 10, 2001. On December 10, the defendant pled guilty in the general sessions court to DUI, a Class A misdemeanor, and was sentenced to eleven months, twenty-nine days to be served as forty-eight hours in jail and the remainder on probation. According to the judgment form, the general sessions court also prohibited the defendant

from driving for one year, ordered him to pay a three hundred fifty dollar fine and court costs, and ordered him to appear at a "probation hearing" in the general sessions court on March 11, 2002, in order for the court to ensure that he was complying with the requirements of his sentence. In December 2001, the defendant served his forty-eight hours in jail. However, he failed to appear for the probation hearing on March 11, 2002. As a result, the general sessions court entered an Order of Conditional Forfeiture of Bond and issued a writ of scire facias to notify Driver Bail Bonds of the conditional judgment. On November 15, 2002, the general sessions court entered a Judgment of Final Forfeiture, ordering that Driver Bail Bonds pay the State of Tennessee $613.

The appellant appealed the general sessions court's order to the Campbell County Criminal Court, claiming that pursuant to T.C.A. § 40-11-138(b), Driver Bail Bonds was relieved of its obligation under the bond when the defendant pled guilty and was sentenced by the general sessions court. The criminal court disagreed, holding that the bonding company remained liable on the bond pursuant to T.C.A. § 40-11-130. However, it ordered the bonding company to pay $570.50.

The appellant appeals the criminal court's ruling. He contends that T.C.A. § 40-11-138(b) relieved his company of any liability under the bond once the defendant pled guilty and was sentenced in the general session court. In addition, he contends that a bail bond is a contract and that Driver Bail Bonds was not responsible for the defendant's fine and court costs because the defendant's bond only stated that the bonding company would pay the bond if the defendant failed to appear in general sessions court on December 10, 2001. He argues that because the bond did not stipulate that Driver Bail Bonds would be responsible for the defendant's fine and court costs, this court should reverse the criminal court's order. The state concedes that pursuant to T.C.A. § 40-11-138(b) and case law interpreting that statute, the bail bonding company was no longer liable under the bond. We disagree, however, with the defendant and the state and hold that the defendant's bond remained in effect pursuant to T.C.A. § 40-11-130(b)(2) and that Driver Bail Bonds must pay the amount ordered by the criminal court.

In support of his claim that Driver Bail Bonds was relieved of liability under the bond by the defendant's guilty plea and sentence, the appellant cites State v. Sharon Melton, No. 01C01-9612-CC-00497, Franklin County (Tenn. Crim. App. Mar. 12, 1998). In that case, the defendant was charged with various drug offenses, posted a $20,000 appearance bond, pled guilty, and was sentenced to four years in a community corrections program. The defendant later absconded from community corrections, and the trial court entered a conditional forfeiture on the bail bond against her and the bail bonding company that underwrote the bond. The trial court later determined, however, that the defendant's guilty plea and subsequent sentence had released the bonding company from any further obligation under the bond.

The state claimed on appeal that the bonding company was still liable under the bond by T.C.A. § 40-11-130 (1996). At the time of the defendant's guilty plea, that statute provided, in pertinent part, as follows:

Where the defendant in a criminal case executes a bond or recognizance before any court or other person authorized by law to take the same, for the defendant's personal appearance before a court, to answer a criminal charge, the bond or recognizance shall be valid and binding upon the defendant and the defendant's sureties thereon for the defendant's personal appearance before the court from the time of arrest, preliminary hearing, bind over to the grand jury and trial until the case is finally terminated or stricken from the docket and the defendant discharged by the court. . . .

The state argued that because the defendant had been sentenced to community corrections and the trial court retained authority over her sentence, her case had not been "finally terminated or stricken from the docket and the defendant discharged by the court." The bonding company relied on T.C.A. § 40-11-138(b), which states,

In addition to any other provisions releasing sureties from their obligations, a bail bondsman or surety shall also be released from its obligation under a bail bond upon the disposition of the charge against the surety's principal. A disposition shall include, but shall not be necessarily limited to, conviction, acquittal, a plea of guilty, agreement with the state, whether designated diversion or otherwise, or retirement; provided, that where the disposition is a conviction or plea of guilty, the surety, unless relieved by the court, shall remain liable on the criminal appearance bond until the court renders the defendant's sentence.

This court agreed with the defendant, noting that T.C.A. §§ 40-11-130 and -138(b) "should be read to coincide" and that -138(b) "clearly states that when a sentence is rendered following a guilty plea or conviction, then the surety is released from its obligation under the bail bond." Id., slip op. at 5-6. This court concluded that pursuant to the legislative intent and plain language in T.C.A. §§ 40-11-130 and -138(b), the bonding company was released from liability when the defendant pled guilty and was sentenced. Id. at 7.

However, as noted in Sharon Melton, the Tennessee legislature amended T.C.A. § 40-11-130 after Ms. Melton's guilty plea. The statute currently provides, in pertinent part, as follows:

(a) Where the defendant in a criminal case executes a bond or recognizance before any court or other person authorized by law to take the same for the defendant's personal appearance before a court to answer a criminal charge, such bond or recognizance shall be valid and binding upon the defendant and the defendant's sureties thereon until the time allowed by law for the defendant to appeal a finding of guilt to the court of criminal appeals. . . .

(b) If the defendant . . . is placed on pre-trial or post-plea diversion or community correction, fined or if the defendant's sentence is suspended and probation granted, the defendant shall be required to make a new bond or recognizance notwithstanding that the bond or recognizance executed in accordance with subsection (a) has not yet terminated, unless the trial judge, after examination of the original bond, sets out in a written order that such original bond is sufficient. The court shall use its discretion in determining whether the bond at issue should be changed. No presumption is otherwise intended to be raised in this section.

. . . .

(2) If the defendant is placed on pre-trial or post-plea diversion, community correction, fined or if the defendant's sentence is suspended and probation granted, the defendant shall be required to make such new bond or recognizance to the court granting such placement. Such new bond or recognizance may not terminate until the defendant has completed the period of court-ordered supervision or until the defendant's diversion, community correction or probation is revoked. If the defendant's diversion, community correction or probation is revoked, the bondsman may be required to surrender the defendant.

. . . .

We note that T.C.A. § 40-11-130 (1997) now partially conflicts with T.C.A. § 40-11-138(b). "[If] there is an irreconcilable conflict between two statutory provisions, there is a repeal of the older code section by implication." State v. Hicks, 848 S.W.2d 69, 70 (Tenn. Crim. App. 1992) (citing State v. Lewis, 198 Tenn. 91, 278 S.W.2d 81 (1955)). The older, more general statute will be repealed only to the extent that it conflicts with the more recent, specific statute. See Byrd v. Rhea County, 207 Tenn. 62, 70, 338 S.W.2d 545, 548 (1960); Sutherland Statutory Construction § 22.22 (5th ed. 1992) (stating that the "inconsistent provisions of the prior statute . . . are treated as repealed"). In 1997, the legislature amended T.C.A. § 40-11-130 to address specifically the duration of bail bonds after a defendant has been placed on probation. The current form of T.C.A. § 40-11-138(b) has been in place since 1989. Thus, T.C.A. § 40-11-130 has repealed by implication any conflicting provisions in T.C.A. § 40-11-138(b).

Turning to the present case, unlike the statute in effect at the time of the plea in Sharon Melton, T.C.A. § 40-11-130(b) (1997) now provides that if a defendant is granted probation, the defendant must make a new bond "unless the trial judge . . . sets out in a written order that such original bond is sufficient." Moreover, T.C.A. § 40-11-130(b)(2) provides that the new bond will

-4-

remain in effect until the defendant completes probation or probation is revoked. Thus, if a trial court determines that a new bond is not necessary and states in a written order that the defendant is to remain under the same bond, the original bond also remains in effect under T.C.A. § 40-11-130(b)(2) until the defendant completes probation or probation is revoked. In this case, a box is checked beside the following statement on the defendant's judgment form: "The defendant and his/her sureties shall remain obligated under the present bail for future court appearances." We hold that the defendant's original bond remained in effect and that Driver Bail Bonds was still obligated under the bond at the time of the defendant's failure to appear.

Both the appellant's and the state's briefs cite State v. Tony Bernard Williams, No. 02C01-9810-CC-00301, Henry County (Tenn. Crim. App. Jan. 29, 1999), in support of their claims that Driver Bail Bonds was relieved from liability under the bond when the defendant pled guilty and was sentenced. In that opinion, which was filed after the amendment to T.C.A. § 40-11-130 went into effect, a panel of this court relied on Sharon Melton and held that despite the defendant's probation violation, the express language in T.C.A. § 40-11-138(b) had relieved the defendant's surety of liability when the defendant pled guilty and was sentenced. Id. at 2-3. However, the Tony Bernard Williams opinion does not reveal whether T.C.A. § 40-11-130 as amended was in effect at the time of Mr. Williams' guilty plea. In any event, T.C.A. § 40-11-130(b) governs our decision in this case.

The appellant also contends that Driver Bail Bonds is not liable for the defendant's unpaid fine and costs because the bond agreement did not provide for such obligations. He relies on State v. Clements, 925 S.W.2d 244 (Tenn. 1996), in which the defendant's father deposited a cash bond of $40,000 to secure the defendant's release. The jury convicted the defendant of the charges and imposed an $85,000 fine. On the day of the verdict, the defendant and his father requested that $12,500 be taken from the cash bond and paid to defense counsel. The state filed a motion to apply the bond to the defendant's fines and court costs. The trial court denied the state's motion and ordered that $12,500 be paid to defense counsel. Our supreme court held that in order for a surety to be held liable for a defendant's fines and costs under an appearance bond, there must be an "indication in the document that the [surety] could be held liable for any fines and/or costs associated with the prosecution of [the defendant or an indication that the surety] subsequently acquiesced to or adopted this liability." Id. at 227. Given that nothing in the appearance bond stated that the father agreed to be responsible for the defendant's fine and costs and that nothing indicated the father later agreed to pay them, the supreme court ruled he was not liable for the fine and costs. Id.

We believe the appellant misapprehends the trial court's actions. The record does not reflect that the trial court ordered Driver Bail Bonds to pay the defendant's fine and costs. Rather, the trial court adopted the general sessions court's apparent conclusion that the amount of bond to be forfeited in this case would equal the amount of the defendant's unpaid fine and costs. Obviously, the trial court chose not to require the bonding company to pay $1,750, the entire amount of the bond. In this regard, we note that the state filed a notice of appeal which its brief states was related to the amount of forfeiture. However, the brief states that the error it concedes regarding the forfeiture "necessarily moots the issue raised by the State." Thus, the state has not presented an issue about the amount of the forfeiture nor do we have the benefit of the parties' briefing such an issue.

Based upon the foregoing and the record as a whole, we affirm the judgment of the criminal court.

 

_____
JOSEPH M. TIPTON, JUDGE