FILED

07/02/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2019 Session

## STATE OF TENNESSEE v. LARRY CHARLES HEFNER, JR.

**Appeal from the Criminal Court for Knox County**
**No. 111177    Bobby R. McGee, Judge**

_____

### No. E2018-01164-CCA-R3-CD

_____

Defendant, Larry Charles Hefner, Jr., was convicted following a jury trial of Class D felony burglary. The trial court sentenced Defendant as a career offender to twelve years to be served on community corrections. On appeal, Defendant claims that "burglary is applicable only to entry into buildings 'not open to the public,'" that the trial court failed to instruct the jury on the lesser included offense of attempted theft, and that the trial court failed to properly instruct the jury as to the elements of burglary. After a thorough review of the record, the briefs, and applicable law, we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Mark E. Stephens, District Public Defender, Jonathan Harwell, Assistant Public Defender, for the appellant, Larry Charles Hefner, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### PROCEDURAL AND FACTUAL BACKGROUND

*The Indictment*

The Knox County Grand Jury indicted Defendant for one count of Class D felony burglary. The indictment alleged that Defendant "did unlawfully and knowingly enter a

building without the effective consent of the owner, Walmart, and did attempt to commit a theft, in violation of T[ennessee] C[ode] A[nnotated] [section] 39-14-402[.][1]"

*January 8, 2018 Jury Trial*

Steve Smartt, a Walmart asset protection associate, encountered Defendant on April 13, 2017, at the Walmart on Clinton Highway in Knoxville. Mr. Smartt observed Defendant select five pairs of scrubs, conceal them in his pants, and proceed to the exit. Mr. Smartt and another Walmart employee confronted Defendant and escorted him to an office where Defendant removed the scrubs from his pants and placed them on a counter. Mr. Smartt checked Defendant's name with Walmart's shoplifter database, determined that he had been caught shoplifting on several previous occasions, and contacted the Knoxville Police Department (KPD). Mr. Smartt identified a "Notification of Restriction from Property" ("the first notification") that Defendant had signed and acknowledged receiving on January 22, 2010. The first notification, which was entered as Exhibit 2, provided:

> Walmart can prohibit individuals from entering its property who interfere with its business, shoplift, destroy property, or otherwise behave in a manner that is unacceptable to Walmart. Walmart has determined you have engaged in conduct sufficient to necessitate limiting your access to Walmart property. This document constitutes formal notice and warning that you are no longer allowed on Walmart property or in any area subject to Walmart's control. This restriction on entry includes, but is not limited to, all Walmart retail locations. Should you elect to ignore this notice and enter Walmart property, Walmart may contact law enforcement and request you be charged with criminal trespass.

The "Acknowledgement of Receipt" section of the first notification provided:

> I have read and understand this notice or, in the alternative have had it read to me and understand and acknowledge that as of 22 day of January, 2010[,] I am prohibited from entering Walmart property. I understand this notice will remain in effect until Walmart rescinds it.

Mr. Smartt testified that Defendant did not have permission to enter the Walmart store or to conceal merchandise in his pants. On cross-examination, Mr. Smartt agreed that there was no way he could determine how many times Defendant had entered and

---

[1] We use "Walmart" in this opinion to identify the corporation and stores. The actual corporate entity is Walmart, Inc.

- 2 -

shopped in Walmart stores since January 22, 2010, and that the notification did not mention the word "burglary." He stated that the scrubs that Defendant concealed in his pants were valued at $76.60.

John Lombardi, a current employee at the U.T. Commons Walmart, testified that he had previously worked at the East Town Walmart, where he observed Defendant inside the store on April 7, 2015. When Defendant went outside, Mr. Lombardi confronted Defendant, identified who he was, and asked Defendant to come with him. Defendant ran and left the scene.

Steven Roberts, a loss prevention associate at the East Town Walmart in Knoxville, testified that he encountered Defendant on October 24, 2016. He told Defendant that he did not have permission to enter the Walmart store and that he was trespassing. Mr. Roberts contacted the Knoxville Police Department (KPD), an officer responded, and Defendant was arrested. A "Notification of Restriction from Property" ("the second notification") dated October 24, 2016, was entered as Exhibit 1. Mr. Roberts' signature was witnessed by a KPD officer. Defendant, who according to Mr. Roberts was handcuffed, did not sign the second notification.

Defendant presented no proof.

The jury found Defendant guilty, and after a sentencing hearing, the trial court determined Defendant was a career offender and sentenced him to twelve years to be served on community corrections. The trial court denied Defendant's motion for new trial, and Defendant timely filed his notice of appeal.

## ANALYSIS

On appeal, Defendant claims that "burglary is applicable only to entry into buildings 'not open to the public,'" that the trial court failed to instruct the jury on the lesser included offense of attempted theft, and that the trial court failed to properly instruct the jury as to the elements of burglary. The State argues that the burglary conviction was lawful and that the trial court did not commit plain error in charging the jury. We agree with the State.

### Interpretation of section 39-14-402(a)(3)

Defendant argues that section 39-14-402(a)(3) is ambiguous and should be construed to apply only to buildings "not open to the public" under the rule of lenity. Defendant asserts that the legislature simply omitted "not open to the public" in -

402(a)(3) because the language was "repetitive" and that in "the context" of -402(a) it was implied that the statute only applied to buildings open to the public.

"The overriding purpose of a court in construing a statute is to ascertain and effectuate the legislative intent, without either expanding or contracting the statute's intended scope." *Wallace v. Metro. Gov't of Nashville*, 546 S.W.3d 47, 52-53 (Tenn. 2018). "In seeking to ascertain legislative intent, we must look to the entire statute in order to avoid any forced or subtle construction of the pertinent language." *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994). When a statute's text is unambiguous, "we need look no further than the language of the statute itself." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). "Only an ambiguity in the language of the statute will permit us to look behind its face to determine the legislature's intent." *State v. Powers*, 101 S.W.3d 383, 393 (Tenn. 2003). Courts should "refrain from 'speculating about the significance of provisions which are not included in [a] statute,' finding it more effective to 'consider the words actually used.'" *In re C.K.G.*, 173 S.W.3d 714, 723 (Tenn. 2005) (alteration in original) (quoting *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997)). "[W]here the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded." *State v. Loden*, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995); *State v. Pope*, 427 S.W.3d 363, 368 (Tenn. 2013). Issues of statutory construction are questions of law, and our review for questions of law is de novo. *Seals v. H & F, Inc.*, 301 S.W.3d 237, 242 (Tenn. 2010).

In *United States v. Harriss*, 347 U.S. 612, 617, (1954), the United States Supreme Court characterized the fair notice principle as follows:

> The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

A criminal statute "must give fair warning of the conduct that it makes a crime[.]" *Bouie v. City of Columbia*, 378 U.S. 347, 350-51 (1964). The doctrine of fair warning is closely linked to the doctrine of vagueness. "The primary purpose of the vagueness doctrine is to ensure that our statutes provide fair warning as to the nature of forbidden conduct so that individuals are not 'held criminally responsible for conduct which [they] could not reasonably understand to be proscribed.'" *State v. Crank*, 468 S.W.3d 15, 22-23 (Tenn. 2015) (alteration in original) (quoting *Harriss*, 347 U.S. at 617).

- 4 -

The Tennessee Supreme Court, in a case involving a statute proscribing gambling devices, stated the following about fair warning:

> A statute may be void for vagueness if it is not "sufficiently precise to put an individual on notice of prohibited activities." A criminal statute must be construed according to the fair import of its terms when determining if it is vague. Due process requires that a statute provide "fair warning" and prohibits holding an individual criminally liable for conduct that a person of common intelligence would not have reasonably understood to be proscribed. The fair warning requirement, however, does not demand absolute precision in the drafting of criminal statutes. . . . In fact, it is the duty of the courts "to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction."

*State v. Burkhart*, 58 S.W.3d 694, 697-98 (Tenn. 2001) (internal citation omitted).

The rule of lenity is related to the doctrine of vagueness and the principle of fair warning. "The rule of lenity is 'rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his or her conduct is prohibited.'" *State v. Hawkins*, 406 S.W.3d 121, 137-138 (Tenn. 2013) (quoting *State v. Marshall*, 319 S.W.3d 558, 563 (Tenn. 2010)). Where there is ambiguity in a statute, the rule of lenity requires the ambiguity to be resolved in favor of the defendant. *State v. Smith*, 436 S.W.3d 751, 768 (Tenn. 2014). The rule of lenity "reflects not merely a convenient maxim of statutory construction" but is based on "fundamental principles of due process[.]" *Dunn v. United States*, 442 U.S. 100, 112 (1979).

In 1989, the Tennessee General Assembly enacted "comprehensive penal and sentencing reform legislation . . . as proposed by the Tennessee Sentencing Commission." *State v. Cummings*, 868 S.W.2d 661, 665 (Tenn. Crim. App. 1992). New criminal statutes governing "offenses against property" were codified in Chapter 14 of Title 39. *See* Tenn. Code Ann. §§ 39-14-101 through -702. The crime of burglary was codified at Tennessee Code Annotated section 39-14-402. *See* 1989 Pub. Acts c, 591 §1. The statute was amended in 1990, in pertinent part, by omitting the word "habitation" from subsections -402(a)(1),(2), and (3), and from subsection -402(c). *See* 1990 Pub. Acts, c. 1030, § 22. In 1995, the 1990 version of subsection -402(a) was deleted in its entirety and a new subsection -402(a) was enacted. *See* 1995 Pub. Acts, c. 496, § 1. Since its enactment in 1995, subsection -402(a) has not been amended.

Tennessee Code Annotated section 39-14-402(a) provides:

(a) *A person commits burglary who, without the effective consent of the property owner:*

    (1) *Enters a building other than a habitation* (or any portion thereof) *not open to the public, with intent to commit* a felony, *theft* or assault;

    (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

    (3) *Enters a building and commits or attempts to commit a* felony, *theft* or assault; or

    (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a)(1)-(3) (2017) (emphasis added). "Effective consent" means "assent in fact, whether express or apparent, including assent by one legally authorized to act for another." Tenn. Code Ann. § 39-11-106(a)(9) (2017).

We will begin with the presumption that the legislature acted purposefully when it included the phrase "not open to the public" in subsection -402(a)(1) and did not include the same phrase in subsection -402(a)(3) and determine whether Defendant has overcome this presumption. *See Loden*, 920 S.W.2d at 265.

The State argues that there was a practical reason for the legislature to expressly limit the type of "building" in subsection -402(a)(1) to one "not open to the public" but not limit the type of "building" in subsection -402(a)(3) in the same way. A defendant must have the *intent* to commit a felony, theft, or assault at the time the defendant enters a building to be guilty of burglary under subsections 402(a)(1). In burglary cases requiring the State to prove intent to commit a felony, theft, or assault at the time of entry, intent generally must be proven by circumstantial evidence, such as the manner of entry. *See Bollin v. State*, 486 S.W.2d 293, 296 (Tenn. Crim. App. 1972) (inferring intent from the fact that the doors to the building locked and a window broken with the glass on the inside of the building); *Hall v. State*, 490 S.W.2d 495, 496 (Tenn. 1973) (in the absence of an acceptable excuse, a jury can infer intent to commit theft based on illegal entry into a residence or a building in which there is property which is the subject of larceny). The State posits that the reason the legislature excluded "not open to the public" from -402(a)(3) was to alleviate the obvious evidentiary problem of proving

intent to commit a felony, theft, or assault at the time a person enters a building open to the public.

Defendant's argument that the legislature "simply omit[ted] repetitive language[,]" from -402(a)(3) is not persuasive and falls far short of overcoming the presumption that the legislature acted purposefully by including "not open to the public" in -402(a)(1) and excluding "not open to the public" in -402(a)(3). We hold that the legislature acted purposefully by omitting "not open to the public" from subsection (a)(3). This holding is consistent with three recent opinions of this court. *See State v. Abbie Leann Welch*, No. E2018-00240-CCA-R3-CD, 2019 WL 323826, at *3 (Tenn. Crim. App. Jan. 23, 2019), *perm. app. granted* (Tenn. May 17, 2019); *State v. Jason Kane Ivey*, No. E2017-02278-CCA-R3-CD, 2018 WL 5279375, at *1 (Tenn. Crim. App. Oct. 23, 2018), *perm. app. filed*; *State v. Nikia Bowens*, No. E2017-02075-CCA-R3-CD, 2018 WL5279374 at *7 (Tenn. Crim. App. Oct. 23, 2018) *perm app. filed*.

Defendant's argument that Tennessee Code Annotated section 39-14-402(a)(3) is ambiguous and should be construed to apply only to buildings "not open to the public" under the rule of lenity is also not persuasive. In *Jason Kane Ivey* and *Nikia Bowens*, this court determined that -402(a)(3) is not ambiguous. *Jason Kane Ivey*, 2018 WL 5279375 at *1 *Nikia Bowens*, 2018 WL5279374 at *7. In *Abbie Leann Welch*, *Jason Kane Ivey* and *Nikia Bowens*, this court also determined that section 39-14-402(a)(3) is not vague and provides fair warning to people of common intelligence that, if after receiving notice that the owner of a building revokes the effective consent for the person to enter the building, the person enters the building and, once inside, commits or attempts to commit a felony, theft or assault, the person can be charged with burglary. *Abbie Leann Welch*, 2019 WL 323826 at *1; *Jason Kane Ivey,* 2018 WL 5279375 at * 1; *Nikia Bowens*, 2018 WL5279374 at *7. Only one opinion of this court has interpreted -402(a)(3) to apply only to buildings not open to the public and that opinion was vacated on procedural grounds by our supreme court. *See State v. Danielle Chandria Jensen*, No. M2016-01553-CCA-R10-CD, 2017 WL 3671093, at *10 (Tenn. Crim. App. Aug. 25, 2017), *appeal granted, judgment vacated* (Tenn. Dec. 8, 2017).[2]

Defendant also argues that, under the State's interpretation of the burglary statute, individuals can be convicted of a Class E felony under the serial shoplifter statute,

---

[2] We note that one of the judges who joined in this court's opinion in *Danielle Chandria Jensen* authored the opinion in *Abbie Leann Welch*, the second judge who joined in *Danielle Chandria Jensen* joins in this decision, and the authoring judge in *Danielle Chandria Jensen* wrote a separate dissenting opinion in *Abbie Leann Welch*. The Rule 11 application in *Abbie Leann Welch* has been granted, and the case is pending before the supreme court.

Tennessee Code Annotated section 39-14-146(c), or of a Class D felony under -402(a)(3) of the burglary statute for the same conduct.

Section 39-14-146(c) states:

(c) Notwithstanding any other law, a fifth or subsequent conviction in a two-year period shall be punished one (1) classification higher than provided by § 39-14-105, and subject to a fine of not less than three hundred dollars ($300) nor more than the maximum fine established for the appropriate offense classification.

Tenn. Code Ann. § 39-14-146(c) (2017).

Defendant notes that section 39-14-146(c) was amended in 2016 to increase the punishment for serial shoplifters and argues that the legislative history of the amendment does not suggest that the legislature was aware of the State's prosecution for burglary at stores such as Walmart.[3]  Defendant's legislative history argument is not cogent and goes against the rule of statutory construction "that the General Assembly is aware of its own prior enactments." *Lee Med., Inc.*, 312 S.W.3d at 527.  We therefore presume that the legislature was aware of Tennessee Code Annotated section 39-14-402(a)(3) at the time it amended Tennessee Code Annotated section 39-14-146(c) to increase the punishment for serial shoplifters.  We conclude that the burglary statute and section 39-14-146(c) prohibit different criminal offenses.  The two offenses have different elements and the two statutes punish different wrongs.  Defendant has failed to show that the legislature's intent in enacting the serial shoplifting statute was to repeal subsection 39-14-402(a)(3) by implication.  *See Mowery v. State*, 352 S.W. 2d 435, 438 (Tenn. 1961) (quoting *State v. Lewis*, 278 S.W.2d 81, 82 (Tenn. 1955)) ("Two statutes prohibiting the same wrong and prescribing different degrees of punishment cannot exist at same time.").  As this court recently stated, "the burglary statute applies to more than just repeat shoplifters, such as those who enter a building without the effective consent of the owner and commit or attempt to commit an assault or a felony." *Abbie Leann Welch*, 2019 WL 323826, at *4.  We agree with this court's holding in *Abbie Leann Welch* that "there is no conflict between the repeat shoplifting statute and the burglary statute." *Id.*  In any event, section 39-14-146(c) became effective on July 1, 2017, after the Defendant was charged with burglary and does not apply to this case.

We hold that Tennessee Code Annotated section 39-14-402(a)(3) is not ambiguous or vague, and provides fair warning to individuals who enter a building without the

---

[3] Tennessee Code Annotated section 39-14-146(c) did not become effective until July 1, 2017, over two months after Defendant was charged with burglary.  *See* 2017 Pub. Acts. c. 184 §§ 1, 2.

- 8 -

owner's effective consent and commit a felony, theft, or assault. We also hold that Tennessee Code Annotated section 39-14-402(a)(3) is applicable to both buildings open to the public and buildings not open to the public.

### *Sufficiency of the evidence*

Defendant argues that there was insufficient evidence to prove that Walmart was not open to the public. He states that "it was not disputed that Walmart was in fact open for business at the time of [his] entry."

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As we have stated previously in this opinion, a person commits burglary when he "[e]nters a building and commits or attempts to commit a felony, theft or assault" "without the effective consent of the property owner[.]" Tenn. Code Ann. § 39-14-402(a)(3) (2017). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a). "Effective consent" is defined as "assent in fact, whether express or apparent, including assent by one legally authorized to act for another." Tenn. Code Ann. § 39-11-106(a)(9) (2017).

We have previously concluded that the word "building" in this subsection of the burglary statute should not be interpreted to mean "a building not open to the public." Thus, the State was not required to establish beyond a reasonable doubt that Walmart was

not open to the public. In any event, the evidence admitted at trial showed that Defendant had received two notices from Walmart that he was prohibited from entering any Walmart property. Additionally, Mr. Smartt observed Defendant select five pairs of scrubs, conceal them in his pants, and proceed to the exit. Mr. Smartt also testified that the scrubs that Defendant concealed in his pants were valued at $76.60. Thus, we conclude that the evidence introduced at trial was sufficient for a rational juror to have determined that Defendant entered Walmart and committed a theft. Defendant is not entitled to relief on this ground.

### *Jury Instructions*

Defendant "has a right to a correct and complete charge of the law so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Farner*, 66 S.W.3d 188, 204 (Tenn. 2001). "An instruction should be considered prejudicially erroneous only if the jury charge, when read as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law." *State v. Faulkner*, 154 S.W.3d 48, 58 (Tenn. 2005).

### Lesser Included Offense

Defendant claims that the trial court committed plain error by failing to instruct the jury on the lesser included offense of attempted theft. Defendant failed to make a written request for a jury instruction on attempted theft as a lesser included offense of burglary and failed to raise the issue in his motion for new trial. Therefore, Defendant waived the issue. *See State v. Martin*, 505 S.W.3d 492, 503 (Tenn. 2016); *State v. Stevenson*, No. W2011-02053-CCA-R3-CD, 2013 WL 587313, at *10 (Tenn. Crim. App. Feb. 13, 2013). However, Defendant's waiver does not preclude our review of the issue under the plain error doctrine. *State v. Fayne*, 451 S.W.3d 362, 371 (Tenn. 2014).

Plain error relief is "limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). In order to be granted relief under plain error, five criteria must be met: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the accused must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is "necessary to do substantial justice." *Adkisson*, 899 S.W.2d at 640-41; *see also State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (Tennessee Supreme Court formally adopting the *Adkisson* standard for plain error relief). When it is clear from the record that at least one of the factors cannot be established, this court need not consider the remaining factors. *Smith*, 24 S.W.3d at 283.

The defendant bears the burden of persuasion to show that he is entitled to plain error relief. *State v. Bledsoe*, 226 S.W.3d 349, 355 (Tenn. 2007).

When addressing issues related to failure to charge lesser included offenses, appellate courts consider three questions: "(1) whether the offense is a lesser included offense; (2) whether the evidence supports a lesser included offense instruction; and (3) whether the failure to give the instruction is harmless error." *Id*. (citing *State v. Allen*, 69 S.W.3d 181, 187 (Tenn. 2002)).

Pursuant to Tennessee Code Annotated section 40-18-110(f)(1), an offense is a lesser included offense if "[a]ll of its statutory elements are included within the statutory elements of the offense charged[.]" Tenn. Code Ann. § 40-18-110(f)(1) (2017). Section 40-18-110 further provides, in pertinent part:

> (b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, but no party shall be entitled to any lesser included offense charge.

Tenn. Code Ann. § 40-18-110(b) (2017).

Based on the indictment and the facts proven at trial, we determine that attempted theft was a lesser included offense of burglary indicted under Tennessee Code Annotated section 39-14-402(a)(3).[4] It would have been impossible for the State to have proven Defendant guilty of burglary without proving Defendant attempted to commit theft. For the same reason, criminal trespass is also a lesser included offense.

However, Defendant's cross-examination of the State's witnesses and arguments to the jury focused on the criminal trespass element of burglary, not the attempt to commit theft element for which there was overwhelming evidence. As such, there were advantages to an "all or nothing" instruction where only burglary was charged to the jury. Defendant has failed to show that he did not waive the issue for tactical reasons.

---

[4] Theft of property can be a Class A misdemeanor or a Class E, D, C, B, or A felony depending on the value of the property taken. *See* Tenn. Code Ann. §§ 39-14-103 and 39-14-105(a)(1)-(6) (2017). Obviously, Class C, B, and A felony thefts would not be lesser included offenses of Class D felony burglary. The same is true if the offense committed or attempted to be committed after entering a building without the owner's effective consent is a felony or assault.

- 11 -

Defendant claims that the trial court committed plain error because it did not specify whether "effective consent" related to entry into the building or to the theft. The State argues that the issue is waived because Defendant failed to object to the instruction, and that even if not waived, Defendant cannot prevail on plain error. We agree with the State.

The trial court used Tennessee Pattern Jury Instruction 14.01[Part C] to craft his instructions for burglary indicted under -402(a)(3) and 11.01 to craft his instruction for the theft element of burglary. The trial court instructed the jury:

> For you to find the defendant guilty of [burglary], the state must have proven beyond a reasonable doubt the existence of the following essential elements:
>
> > that the defendant entered a building other than a habitation; and
> > (2) that the defendant attempted to commit Theft;
> > The elements of Theft are:
> > > (A) that the defendant knowingly obtained or exercised control over property owned by Walmart; and
> > > (B) that the defendant did not have the owner's effective consent; and
> > > (C) that the defendant intended to deprive the owner of the property.
> > >                         And
> > (3) that the defendant acted without the effective consent of the owner; and
> > (4) that the defendant acted either intentionally, knowingly, or recklessly.

The trial court instructed the jury using the pattern definitions for the terms "Habitation," "Occupied," "Owner," "Enter," "Effective Consent," and "Knowing."

The trial court correctly instructed the jury that "'[e]ffective consent" means assent in fact, whether express or apparent, including assent by one legally authorized to act for another."[5] This definition of effective consent is included in T.P.I. 14.01 for burglary and in T.P.I. 11.01 for theft of property.

---

[5] The trial court also instructed the language from the pattern instructions describing when consent is not effective.

Although the Defendant failed to object to the charge, he did raise the issue in his motion for new trial. "An erroneous or inaccurate jury charge, as opposed to an incomplete jury charge, may be raised for the first time in a motion for a new trial and is not waived by the failure to make a contemporaneous objection." *Id.* We determine that the jury charge on effective consent was at worst incomplete, not erroneous, and therefore the issue is waived by Defendant's failure to make a contemporaneous objection. Waiver notwithstanding, we determine that Defendant is not entitled to plain error relief.

Viewing the jury instructions in its entirety, we determine that the instructions fairly submitted the issue concerning effective consent to the jury for determination. Steve Smartt, the Walmart asset protection associate, testified that Defendant did not have permission to enter the Walmart store and did not have permission to conceal merchandise down his pants. Based on the evidence presented at trial, we determine that the instructions were clear enough for the jury to determine that Defendant did not have consent to enter the Walmart store or to steal Walmart's property.

## Failure to Define Attempt

Defendant claims the trial court erred in failing to instruct the jury on the definition of attempt. Although Defendant did not object to the jury instructions, he did raise the issue in his motion for new trial, so we elect to review the issue for plain error. As previously stated, Defendant "has a right to a correct and complete charge of the law so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *Farner*, 66 S.W.3d at 204. "An instruction should be considered prejudicially erroneous only if the jury charge, when read as a whole, fails to fairly submit the legal issues or misleads the jury as to the applicable law." *Faulkner*, 154 S.W.3d 48. Although the trial court should have defined "attempt" for the attempt to commit theft element of burglary, Defendant has not shown that a substantial right of his was adversely affected, that he did not waive the issue for tactical reasons; or that consideration of the error is "necessary to do substantial justice." The evidence was unrebutted that Defendant stuffed five pairs of scrubs down his pants and attempted to leave the Walmart store. Because the evidence that Defendant attempted to steal the scrubs was overwhelming, there was little advantage from a tactical standpoint to objecting to the instruction. Defendant has not shown that his rights were adversely affected, and substantial justice does not demand that this court grant relief for plain error.

<u>Failure to Instruct the Definitions of Intentionally and Recklessly</u>

Defendant claims the trial court erred in failing to instruct the jury on the definition of intentionally and recklessly. Again, Defendant failed to object to the jury instructions, so the issue is waived. Waiver notwithstanding, we conclude that the trial court erred in failing to instruct the jury on the definition of intentionally and recklessly. However, we also conclude that consideration of this error is not necessary to do substantial justice. *See Adkisson*, 899 S.W.2d at 640-41. The proof was overwhelming that Defendant concealed the scrubs in his pants and attempted to leave Walmart. Any instructional error in failing to define intentionally or recklessly "was not constitutional in nature" and was harmless based on the overwhelming evidence that Defendant knowingly concealed the merchandise. *Faulkner*, 154 S.W.3d at 60-61.

## *CONCLUSION*

We affirm the judgment of conviction.

_____
ROBERT L. HOLLOWAY, JR., JUDGE